UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

BRUCE D. CLARKE III,
Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC. and GRANT & WEBER, INC.

Defendants.

CV 15-5742

Case No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 05 2015 ★
BROOKLYN OFFICE

MATSUMOTO, J.
POLLAK, M.J.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Bruce D. Clarke III, by his attorney, Chris J. Johnson, as and for his Complaint against the defendants, alleges as follows:

**INTRODUCTION**

1. This action arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, by defendants Experian Information Solutions, Inc. ("Experian") and Grant & Weber, Inc. ("G&W"), and from violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, by defendant G&W.

2. The FCRA imposes duties upon consumer reporting agencies and those who furnish information to a consumer reporting agency. The FDCPA imposes duties upon debt collectors.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. §1681(p) (FCRA), and 15 U.S.C. §1692k(d) (FDCPA).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within this district.

**PLAINTIFF**

5. Plaintiff, Bruce D. Clarke III ("Plaintiff" or "Clarke") is a natural person who resides within this district in Kings County, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) of the FCRA and 15 U.S.C. §1692a(3) of the FDCPA.

**EXPERIAN**

7. Upon information and belief, Experian is an Ohio corporation with its principal place of business in California. Its principal executive office is located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is authorized to do business and does conduct business in the State of New York. At all times relevant to this Complaint, Experian has conducted business in this district.

8. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) of the FCRA, to third parties.

**GRANT & WEBER, INC.**

9. Upon information and belief, G&W is a Nevada corporation with its principal place of business in Nevada. Its registered agent is CT Corporation System, 111 Eighth Avenue, New York, NY 10011. G&W is authorized to do business and does conduct business in the State of New York. At all times relevant to this Complaint, G&W has conducted business in this district.

10. G&W purchases and collects charged-off consumer debts originally owed to others. The term "consumer" means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, G&W specializes in purchasing accounts from medical equipment and medical service providers for collection.

12. G&W is a "debt collector" as defined by 15 U.S.C. §1692(a)(6) of the FDCPA. As part of its debt collection activities, G&W furnishes information to consumer reporting agencies. As such, G&W is a person or entity subject to 15 U.S.C. §1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

**FACTUAL BACKGROUND**

***Plaintiff's payment to Nationwide Medical, Inc.***

13. After receiving an unsolicited telemarketing phone call from a representative of Nationwide Medical, Inc. ("Nationwide"), Plaintiff, in or about 2010, began to purchase medical equipment from Nationwide for the treatment of a medical ailment that he suffered from.

14. Nationwide mailed two invoices to Plaintiff dated February 29, 2012, both of which referenced his "PATIENT ACCOUNT # 72583." One of the invoices stated "NEW CHARGES" in the amount of $293.00. Each invoice stated that the "BALANCE NOW DUE FROM ALL OPEN INVOICES" with Nationwide was $1,558.96.

15. On or about September 11, 2013, Plaintiff mailed to Nationwide a cashier's check drawn on J.P. Morgan Chase Bank, N.A. ("Chase Bank"), payable to Nationwide in the amount of $1,558.96. The check clearly and prominently bore on its face the notation "Patient # 72583."

16. Upon information and belief, the check was received and then negotiated by G&W, which received payment for the check.

***Purchase of the Nationwide account by Grant & Weber, Inc.***

17. Upon information and belief, on a date better known to G&W, Plaintiff's Nationwide account was purchased by and assigned to G&W.

18. As of September 11, 2013, Plaintiff had not received notification that his debt to Nationwide had been sold or assigned, or that he should make payment to G&W rather than to Nationwide.

19. G&W did not notify Plaintiff of the assignment of his Nationwide account to G&W prior to September 11, 2013, nor did it request payment from him prior to September 11, 2013.

20. Nationwide did not notify Plaintiff of the assignment of his Nationwide account to G&W or request that he make payment to G&W.

21. Because Plaintiff had no notice of the assignment of his Nationwide account, the assignment was invalid and ineffective as to Plaintiff, and Plaintiff was authorized to make payment on the account to Nationwide.

***Inaccurate information furnished to Experian by Grant & Weber, Inc.***

22. After purchasing Plaintiff's account from Nationwide, G&W furnished information to Experian regarding the account. Upon information and belief, G&W informed Experian that Plaintiff owed nine different debt accounts to G&W, which had originally been owed to Nationwide, and that the status of each of the nine accounts was "collection" and "past due" with a total balance owed of $2,985.00.

23. G&W furnished the information to Experian with the intention and expectation that

Experian would add the information to the credit file that it maintained for Plaintiff and that Experian would publish the information in its consumer credit reports pertaining to Plaintiff.

24. In or about September 2013, Plaintiff, in anticipation of applying for a mortgage loan, sought pre-qualification for such a loan. As part of the pre-qualification process, he obtained his Experian credit report. Plaintiff found that the credit report stated that he owed nine accounts to G&W, each with a different account number. Each trade line was described as a "collection account" that was "past due." Each of the nine G&W trade lines stated that "NATIONWIDE MEDICAL" was the "original creditor." Six of the nine trade lines stated the amount "past due" as $293.00. The total of the "past due" amounts reported in the nine trade lines was $2,985.00.

25. The G&W trade lines were inaccurate because Plaintiff had only one account with Nationwide, not nine, and the trade lines did not accurately state the amount that Plaintiff owed, if any, because they did not credit the $1,558.96 payment that Plaintiff had made to Nationwide, as described in paragraph 15 herein. Contrary to the information stated in his Experian report, Plaintiff did not owe $2,985.00 to Nationwide.

***Plaintiff's contact with Grant & Weber, Inc.***

26. Plaintiff promptly contacted G&W by telephone and informed G&W's representative that the G&W trade lines reported in his Experian report were inaccurate because he had already made payment to Nationwide in the amount of $1,558.96. G&W's representative told Plaintiff that he would have to pay the full amount of G&W's bill.

27. Thereafter, G&W mailed a bill to Plaintiff demanding payment from him in an amount exceeding $3,000.00. Representatives of G&W also began telephoning Plaintiff to demand payment, and did so on a frequent basis.

FIRST CAUSE OF ACTION -- EXPERIAN

October 2013 Violation of FCRA – 15 U.S.C. §1681i

28. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

29. On or about October 4, 2013, Plaintiff mailed two letters to Experian regarding its reporting of the G&W trade lines. Each letter was dated October 4, 2013.

30. In one of his letters dated October 4, 2013, Plaintiff listed each of the nine G&W account numbers and stated that he had made payment to Nationwide in the amount of $1,558.96, "[based] on the last statement I received," and that the accounts had been "PAID IN FULL." He stated further that he was disputing the nine listed items and that the trade lines should be deleted.

31. Plaintiff also enclosed a copy of the cancelled cashier's check, made payable to Nationwide in the amount of $1,558.96, which he had mailed to Nationwide several weeks earlier. The copy of the cancelled check, on a paper which Plaintiff had obtained from Chase Bank, was accompanied by printed Chase Bank notations indicating that the check had been paid.

32. Thereafter, despite his dispute, Experian continued to report all nine of the G&W trade lines unchanged, without any correction. Experian mailed to Plaintiff a copy of its report, dated October 17, 2013. It contained all nine of the erroneous and derogatory G&W trade lines. Plaintiff later obtained copies of his Experian credit reports dated January 8, 2014; March 20, 2014; and May 8, 2014. All of the credit reports contained all nine of the erroneous and derogatory G&W trade lines, which spanned six to seven pages of each report.

33. Upon information and belief, after Plaintiff notified Experian that he disputed the accuracy of the G&W trade lines contained in Experian's report, Experian either failed to notify G&W of Plaintiff's dispute or failed to convey to G&W all of the relevant information regarding the

dispute that Plaintiff had provided.

34. Defendant Experian willfully or, in the alternative, negligently violated 15 U.S.C. §1681i by failing--after receiving notice from Plaintiff that its reporting was inaccurate--to convey to the furnisher of the disputed information all of the relevant information regarding the dispute that it had received from Plaintiff, and by otherwise failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete the inaccurate information from its consumer reports.

35. As a result of defendant Experian's failure to comply with the requirements of the FCRA, Plaintiff was caused to be denied a loan for the purchase of a home for his family and has suffered, continues to suffer, and will suffer in the future, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

36. Plaintiff is entitled to actual or statutory damages, and punitive damages in an amount to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

## SECOND CAUSE OF ACTION -- EXPERIAN

## VIOLATION OF FAIR CREDIT REPORTING ACT – 15 U.S.C. §1681i(a)(6)(B)

37. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

38. In the second of the two letters, dated October 4, 2013, that Plaintiff mailed to Experian, he set forth a "Consumer Statement" ("the statement") summarizing his dispute which he requested that Experian add to his credit report. The statement explained that he had paid his Nationwide account in full by making payment directly to Nationwide. It consisted of fewer than 100 words.

39. In the same letter, Plaintiff also requested "[t]he names, addresses and telephone numbers of individuals you contacted during your investigation so that I may follow up."

40. Thereafter, as evidenced by the report, dated October 17, 2013, that defendant Experian mailed to Plaintiff, Experian did not add Plaintiff's statement to the credit file that it maintained for him, did not notify Plaintiff that he had the right to add a statement to his file disputing the accuracy or completeness or the reported information, did not offer assistance to Plaintiff in writing a statement summarizing his dispute, did not respond to Plaintiff's request for information, and did not notify Plaintiff of his right to request and receive a description of the procedure used by Experian to determine the accuracy of its reported information, all in willful or negligent violation of 15 U.S.C. §1681i(a)(6)(B).

41. As a result of defendant Experian's failure to comply with the requirements of the FCRA, Experian is liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

THIRD CAUSE OF ACTION – GRANT & WEBER, INC.

October 2013 Violation of FCRA – 15 U.S.C. §1681s-2(b)

42. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

43. Upon information and belief, in or about October 2013, defendant Experian notified defendant G&W of Plaintiff's dispute regarding the G&W trade lines.

44. Upon information and belief, G&W responded to Experian's notice of Plaintiff's dispute by verifying the accuracy of the information that G&W had furnished to Experian.

45. Upon information and belief, after receiving and responding to Experian's notice of

Plaintiff's dispute, defendant G&W continued to report to Experian the same information that it had reported to Experian prior to receiving notice of the dispute.

46. Defendant G&W willfully or, in the alternative, negligently violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to Plaintiff's dispute regarding the G&W trade lines, by failing to review all of the relevant information provided to it by defendant Experian, by failing to notify Experian that the information G&W had provided to Experian was inaccurate, and by failing to either delete or permanently block the reporting of the inaccurate information to Experian.

47. As a result of defendant G&W's failure to comply with the requirements of the FCRA, Plaintiff was caused to be denied a loan for the purchase of a home for his family and has suffered, continues to suffer, and will suffer in the future, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

48. Plaintiff is entitled to actual or statutory damages, and punitive damages in an amount to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

FOURTH CAUSE OF ACTION--EXPERIAN

August and November 2014 Violations of FCRA -- 15 U.S.C. §1681i

49. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

50. As of July 2014, defendant Experian continued to publish erroneous and damaging information in its consumer credit reports pertaining to Plaintiff, as described in paragraphs 22, 24, and 25 herein.

51. Upon information and belief, on or about August 1, 2014, Plaintiff mailed another letter to Experian, dated July 10, 2014, in which he disputed Experian's reporting of the G&W trade lines ("August 2014 dispute").

52. In his letter, Plaintiff informed Experian that G&W's c laim pertained to a single debt that Plaintiff allegedly owed to Nationwide, not 9 different debts, and that Experian was reporting the same alleged debt 9 times, with 9 different account numbers. Plaintiff further informed Experian that he had paid the debt in full to Nationwide, and that he owed nothing more to Nationwide or to G&W.

53. Thereafter, Experian continued to report all nine of the G&W trade lines unchanged, without correction, and made no reply to Plaintiff at all concerning his dispute.

54. Upon information and belief, after Plaintiff notified Experian in August 2014 that he disputed the accuracy of the G&W trade lines contained in Experian's report, Experian either failed to notify G&W of Plaintiff's dispute or failed to convey to G&W all of the relevant information regarding the dispute that Plaintiff had provided.

55. As of November 2014, defendant Experian continued to publish erroneous and damaging information in its consumer credit reports pertaining to Plaintiff, as described in paragraphs 22, 24, and 25 herein.

56. Upon information and belief, on or about November 19, 1014, Plaintiff mailed yet another letter to Experian disputing its reporting of the G&W trade lines. The letter was dated November 19, 2014 ("November 2014 dispute").

57. In his letter, Plaintiff informed Experian that G&W's claim pertained to a single debt that Plaintiff allegedly owed to Nationwide, not 9 different debts, and that Experian was reporting

the same alleged debt 9 times, with 9 different account numbers. Plaintiff further informed Experian that he had paid the debt in full to Nationwide, and that he owed nothing more to Nationwide or to G&W.

58. Thereafter, Experian continued to report all nine of the G&W trade lines unchanged, without correction, and made no reply to Plaintiff at all concerning his dispute. Plaintiff obtained copies of his Experian credit reports dated January 8, 2014; March 20, 2014; and May 8, 2014; each of which contained all nine of the erroneous and derogatory G&W trade lines.

59. Upon information and belief, after Plaintiff notified Experian in November 2014 that he disputed the accuracy of the G&W trade lines contained in Experian's report, Experian either failed to notify G&W of Plaintiff's dispute or failed to convey to G&W all of the relevant information regarding the dispute that Plaintiff had provided.

60. In August and November 2014, defendant Experian willfully or, in the alternative, negligently violated 15 U.S.C. §1681i by failing--after receiving notice from Plaintiff that its reporting was inaccurate--to convey to the furnisher of the disputed information all of the relevant information regarding the dispute that it had received from Plaintiff, and by otherwise failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete the inaccurate information from its consumer reports.

61. As a result of defendant Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer in the future, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

62. Plaintiff is entitled to actual or statutory damages, and punitive damages in an amount

to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

FIFTH CAUSE OF ACTION--EXPERIAN

August and November 2014 Violations of FCRA -- 15 U.S.C. §1681i(a)(6)

63. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

64. With regard to Plaintiff's disputes, made in August and November 2014, defendant Experian willfully or, in the alternative, negligently violated 15 U.S.C. §1681i(a)(6)(A) and (B) by failing to provide timely written notice to Plaintiff of the completion of its reinvestigation, by failing to provide Plaintiff with the results of that reinvestigation, by failing to provide Plaintiff with an updated consumer credit report revised as a result of said reinvestigation, by failing to provide a notice to Plaintiff that he was entitled to request and receive a description of the procedure used, if any, to determine the accuracy and completeness of the information contained in his credit file, and by failing to provide a notice to Plaintiff that he had a right to add a statement to his credit file disputing the accuracy or completeness of the information contained in his file, all of which was required to have been provided to him not later than five business days after the completion of the reinvestigation.

65. As a result of defendant Experian's failure to comply with the requirements of the FCRA, Experian is liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

SIXTH CAUSE OF ACTION – GRANT & WEBER, INC.

August and November 2014 Violations of FCRA – 15 U.S.C. §1681s-2(b)

66. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

67. Upon information and belief, in August 2014, defendant Experian notified defendant G&W of Plaintiff's dispute regarding the G&W trade lines.

68. Upon information and belief, G&W responded to Experian's notice of Plaintiff's August 2014 dispute by verifying the accuracy of the information that G&W had furnished to Experian.

69. Upon information and belief, after receiving and responding to Experian's notice of Plaintiff's dispute, defendant G&W continued to report to Experian the same information that it had reported to Experian prior to receiving notice of the dispute.

70. Upon information and belief, in November 2014, defendant Experian notified defendant G&W of Plaintiff's dispute regarding the G&W trade lines.

71. Upon information and belief, G&W responded to Experian's notice of Plaintiff's November 2014 dispute by verifying the accuracy of the information that G&W had furnished to Experian.

72. Upon information and belief, after receiving and responding to Experian's notice of Plaintiff's dispute, defendant G&W continued to report to Experian the same information that it had reported to Experian prior to receiving notice of the dispute.

73. Defendant G&W willfully or, in the alternative, negligently violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to Plaintiff's disputes, made in August and November 2014, by failing to review all of the relevant information provided

to it by defendant Experian, by failing to notify Experian that the information it had provided to Experian was inaccurate, and by failing to either delete or permanently block the reporting of the inaccurate information to Experian.

74. As a result of defendant G&W's failure to comply with the requirements of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer in the future, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

75. G&W is liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by the jury, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n or §1681o.

SEVENTH CAUSE OF ACTION – GRANT & WEBER, INC.

Violations of FDCPA – 15 U.S.C.15 U.S.C. §§ 1692d, 1692e and 1692f

76. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

77. Upon information and belief, since October 2013 and continuing up to the date of the filing of this Complaint, including January, March, May, August and November of 2014, defendant G&W, in furtherance of its debt collection business, has furnished to Experian false and misleading information for publication in Experian's consumer credit reports concerning Plaintiff, as more fully described in paragraphs 22, 24 and 25 herein.

78. Upon information and belief, G&W uses negative credit reporting as a debt collection tool and has failed to correct the inaccurate information about Plaintiff that it furnished to Experian as a means of coercing or inducing him to make payment.

79. The Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq., prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

80. Section 1692d of the FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

81. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," such as falsely representing the character or amount of the debt or "communicating or threatening to communicate to any person credit information which is known or which should be known to be false . . . ."

82. Section 1692f of the FDCPA provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

83. Defendant G&W violated Sections 1692d, 1692e and 1692f of the FDCPA by making--in connection with its collection of a debt--false, deceptive and misleading representations to Experian for publication in Experian's credit reports concerning Plaintiff.

84. As a result of defendant G&W's failure to comply with the requirements of the FDCPA, Plaintiff was caused to be denied a loan for the purchase of a home for his family and has suffered, continues to suffer, and will suffer in the future, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

85. G&W is liable to Plaintiff for actual damages in an amount to be determined by the jury, as well as statutory damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the defendants as follows:

1. On Plaintiff's First, Second, Fourth, and Fifth Claims for Relief for willful or negligent violations of the FCRA against defendant Experian:

a. Actual damages in an amount to be determined by the jury;

b. Statutory damages in an amount to be determined by the jury; and

b. Punitive damages in an amount to be determined by the jury; and

c. Attorneys fees and costs.

2. On Plaintiff's Third and Sixth Claims for Relief for willful or negligent violations of the FCRA against defendant G&W:

a. Actual damages in an amount to be determined by the jury;

b. Statutory damages in an amount to be determined by the jury; and

b. Punitive damages in an amount to be determined by the jury; and

c. Attorneys fees and costs.

3. On Plaintiff's Seventh Claim for Relief for violations of the FDCPA against defendant G&W:

a. Actual damages in an amount to be determined by the jury;

b. Statutory damages in an amount to be determined by the jury; and

c. Attorneys fees and costs.

4. On All Claims for Relief, costs and expenses incurred in this action.

5. Such other and further relief as the Court may deem just and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: October 5, 2015

Respectfully submitted,

CHRIS J. JOHNSON (CJ 0486)
459 Columbus Ave., Ste. 140
New York, NY 10024
Phone: (212) 496-7278
Fax: (212) 496-2127
E-mail: CJJatLaw@aol.com
Attorney for Plaintiff